Dayutis v. NH Dept. of Corrections    CV-95-149-M    10/12/95
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Dean Dayutis,
      Petitioner,

      v.                                          Civil No. 95-149-M

Paul Brodeur, Commissioner,
New Hampshire Department of Corrections,
      Respondent.


O R D E R


In 1983, the petitioner, Dean Dayutis, was convicted in Rockingham County (New Hampshire) Superior Court of second degree murder.  On appeal, the New Hampshire Supreme Court affirmed his conviction, but remanded the case for resentencing.  The petitioner was subsequently sentenced to 18 to 40 years of imprisonment.  He is currently incarcerated in the Osborn Correctional Institution, Somers, Connecticut.


On March 27, 1995, the petitioner filed the pending petition for writ of habeas corpus with this court.  Although he acknowledges that he previously sought habeas relief from this court, he has failed to allege that the instant petition sets forth new or different grounds for relief.  See Rule 9(b) of the Rules Governing Habeas Corpus Proceedings, 28 U.S.C. § 2254.

By Order dated March 30, 1995, Magistrate Judge William Barry, Jr., held that the petition could be dismissed as an abuse of the writ.  Nevertheless, the petitioner was afforded the opportunity to file an amended petition within 10 days, setting forth legal and factual reasons why his petition should not be dismissed.  Petitioner failed to file the required amended petition and, on April 20, 1995, this court dismissed his petition.

Subsequently, however, the petitioner filed a motion to vacate the order of dismissal, claiming that he never received the Magistrate's order directing him to file an amended petition. The court vacated its order of dismissal and directed the petitioner to file an amended petition on or before June 16, 1995.  Again, however, the petitioner has failed to comply with an order this court.  Instead, he has filed a motion for research material, implicitly arguing that the legal research materials to which he presently has access are constitutionally deficient. See, e.g., Bounds v. Smith, 430 U.S. 817 (1977); Younger v. Gilmore, 404 U.S. 15 (1971).

Subsequently, he filed a motion to stay this proceeding, pending resolution of at least two pending state court petitions for habeas relief. See Dayutis v. Powell, No. 92-E-035 (Merrimack Superior Court); Petition of Dean Dayutis, No. 95-481 (N.H. Supreme Court).

In light of the foregoing, the petitioner's habeas corpus petition is dismissed, without prejudice to his right to refile. Should he refile his petition, petitioner must be prepared to demonstrate that it does not constitute an abuse of the writ. Petitioner is encouraged to carefully review 28 U.S.C. § 2244(b), which provides:

> When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

3

28 U.S.C. §2244(b) (emphasis added). The court also calls to the petitioner's attention the requirements of 28 U.S.C. §2254, which provide, in pertinent part:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has <u>exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner</u>.

28 U.S.C. § 2254(b) (emphasis added).

The Supreme Court has made it clear that these statutory requirements are not optional:

> Unless a habeas petitioner shows cause and prejudice, a court may not reach the merits of : (a) successive claims which raise grounds identical to grounds heard and decided on the merits in a previous petition, (b) new claims, not previously raised which constitute an abuse of the writ, or (c) procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims. These cases are premised on our concerns for the finality of state judgments of conviction, and the "significant costs of federal habeas review."

<u>Sawyer v. Whitley</u>, 505 U.S. 333, 338 (1992) (citations omitted).

4

## Conclusion

For the foregoing reasons, the petitioner's motion for research material (document no. 8) is denied as moot and his motion to stay this matter pending resolution of state court proceedings (document no 10) is granted to the extent the court will, instead of staying this case, dismiss it without prejudice to petitioner's right to refile such a petition after he has exhausted his state remedies, provided of course that any subsequent filing must comply with all applicable legal requirements.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 12, 1995

cc:  Dean Dayutis, pro se

5